IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

RODNEY RICARDO STEVE,         )
                              )
    Petitioner,                )
                              )
v.                            )  Civil Action No. 3:10CV79-HEH
                              )
COMMONWEALTH OF VIRGINIA,     )
                              )
    Respondent.               )

## MEMORANDUM OPINION
(Dismissing Without Prejudice 28 U.S.C. § 2254 Action)

Rodney Ricardo Steve ("Petitioner"), a Virginia inmate proceeding *pro se*, brings this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner contends that he is entitled to relief upon the following grounds:[1]

Claim One   "[T]he Chesapeake Probation Department dropped my probation cases when I was serving prison sentence in Michigan." (§ 2254 Petition 6.)

Claim Two   "Chesapeake Probation Dept. dropped the detainer they placed on me and refused to come pick me up from state custody in Michigan state." (§ 2254 Petition 7.)

Claim Three "I was not sentenced under my first probation violation." (§ 2254 Petition 9.)

Respondent has moved to dismiss on the grounds that Petitioner has failed to exhaust his available remedies. Petitioner has not responded. The matter is ripe for disposition.

---

[1] The Court has recited Petitioner's claims as they are set forth in the § 2254 petition received on February 16, 2010 (Docket No. 3). The Court has corrected the capitalization in the quotations to Petitioner's submissions.

# I. Procedural History

On August 1, 2001, the Circuit Court for the City of Chesapeake ("Circuit Court") convicted Petitioner of one count of breaking and entering and one count of grand larceny. On the breaking and entering charge, the Circuit Court sentenced Petitioner to five years of imprisonment with four years suspended. On the grand larceny charge, the Circuit Court sentenced Petitioner to five years of imprisonment with four years and seven months suspended.

After completing his initial term of imprisonment in Virginia, Petitioner was transferred to Michigan for a parole violation in that state. After completing his parole violator sentence, Petitioner was released to probation in Michigan and committed new criminal offenses in Michigan. It appears that Petitioner was released from incarceration on his new Michigan sentences in later 2008 or early 2009.

On June 22, 2009, the Circuit Court revoked the four-year suspended sentence on the breaking and entering sentence and resuspended all but one year of that sentence. Additionally, the Circuit Court revoked the suspended sentence on the grand larceny conviction and resuspended all but seven months.

Petitioner appealed the revocation of his suspended sentence. As of May 24, 2010, Petitioner's appeal of his suspended sentence is currently before the Supreme Court of Virginia.

Additionally, Petitioner filed a petition for a writ of habeas corpus with the Circuit Court wherein he arguably raised all of his present grounds for federal habeas relief. The Circuit Court dismissed the petition on May 5, 2010. Petitioner has thirty (30) days from the entry of that order to pursue an appeal to the Supreme Court of Virginia. *Steve v. Commonwealth*, CL09002458-00, (Va. Cir. Ct. May 5, 2010).

## II. Analysis

State exhaustion "'is rooted in considerations of federal-state comity,'" and in Congressional determination via federal habeas laws "that exhaustion of adequate state remedies will 'best serve the policies of federalism.'" *Slavek v. Hinkle*, 359 F. Supp. 2d 473, 479 (E.D. Va. 2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 491-92 & n.10 (1973)). The purpose of the exhaustion is "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks omitted). Exhaustion has two aspects. First, a petitioner must utilize "all available state remedies before he can apply for federal habeas relief." *Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998) (citing *Matthews v. Evatt*, 105 F.3d 907, 910–11 (4th Cir. 1997)). Under this aspect of exhaustion, a habeas petitioner "shall not be deemed to have exhausted the remedies available in the courts of the State . . . if he has the right under the law of the State to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c). Lack of exhaustion precludes federal habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) ("An

3

application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State . . . .").

The second aspect of exhaustion requires a petitioner to have offered the state's courts an adequate opportunity to address the constitutional claims advanced on federal habeas. "To provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995)).

Here, Petitioner has not presented any of his claims for federal habeas relief to the Supreme Court of Virginia. Because Petitioner has failed to exhaust his available state remedies, his § 2254 petition will be denied without prejudice to refiling after he has exhausted his state court remedies.

### III. Conclusion

For the foregoing reasons, Respondent's motion to dismiss will be granted. (Docket No. 11.) The § 2254 petition will be denied without prejudice. The action will be dismissed without prejudice. An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability. 28 U.S.C. § 2253(c)(1)(A). A certificate of appealability will not issue unless a prisoner makes "a

substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). This requirement is satisfied only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). No law or evidence suggests that Petitioner is entitled to further consideration in this matter. A certificate of appealability is therefore denied.

An appropriate Order will accompany this Memorandum Opinion.

/s/
HENRY E. HUDSON
UNITED STATES DISTRICT JUDGE

Date: June 4, 2010
Richmond, Virginia